UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOEL ELLIS HUTCHISON | CIVIL ACTION |
| VERSUS | NO. 04-2035 |
| DONALD ZANOTELLI, ET AL | SECTION "N" (2) |

## **O R D E R**

The Court, after considering the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the objections to the Magistrate Judge's Report and Recommendation filed by the plaintiff on December 22, 2004, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion herein.

1

In his objection, Hutchison claims that, pursuant to the doctrine of contra non valentum[1], other circumstances existed while he was incarcerated which delayed the filing of his § 1983 action. Specifically, Hutchison claims the following:

> "Plaintiff contends that he completed his 1983 action against Detective Donald Zanotelli in May of 2004, and was told by the law librarian at South Louisiana Correctional Center, in Basile, LA, that it would take about 2 days for copies of his 1983 action to be returned to him.  2 days later Plaintiff was called out to speak to Major Viator when Major Viator informed Plaintiff that he had spoken to Detective Donald Zanotelli via telephone, and Detective Zanotelli informed him that Plaintiff was a child molester, and that the allegations against Detective Zanotelli made by the Plaintiff were false.  Major Viator then told Plaintiff that Detective Zanotelli said if Plaintiff followed through with the lawsuit, Detective Zanotelli would be evening the score once Plaintiff was released from jail, and that it would be in Plaintiff's best interest not to pursue the case.  Major Viator then asked Plaintiff if he still wanted copies made of the 1983 action, at which time Plaintiff replied "yes."  Major Viator then said "Fine, have it your way", and then told Plaintiff to get out of his office. Plaintiff contends that this is the reason for the delay in his copies being made, and is a direct result of Detective Zanotelli speaking to Major Viator."

---

[1]The Court has reviewed the transcript of the Spears hearing.  On Page 10, Mr. Hutchison states:

"MR. HUTCHISON:   ...  If I could add, I would just like to tell you that I have waited so long to file a lawsuit you know because I had feared retaliation from Detective Zanotelli *while I was still in the Jefferson Parish Correctional Center.*

THE COURT:   Yes, sir.  But you went to Hunt on July 6th, right, 2004?

MR. HUTCHISON:   Yes, sir.

THE COURT:   And you went to Basile on May – the first week in May, 2004, right?

MR. HUTCHISON:   Yes, sir.

THE COURT:   All right.  *Is there anything else, Mr. Hutchison?*

MR. HUTCHISON:   *No, sir."*   (italic emphasis added)

These assertions by plaintiff are insufficient to overcome the Magistrate Judge's ruling regarding the untimeliness of this claim.  Plaintiff's assertions do not indicate that Major Viator took any steps (with or without encouragement of Zanotelli) to delay the making of copies and the filing of this action.  In fact, Major Viator, according to plaintiff, acquiesced in plaintiff's instructions to continue copying plaintiff's material to file his lawsuit.  Plaintiff has failed to show that Major Viator delayed, and that the defendant Zanotelli controlled or forced Major Viator in executing a delay such that plaintiff's lawsuit became untimely.  Therefore,

**IT IS ORDERED** that plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 1915A(b)(1).

New Orleans, Louisiana, this  20th  day of September, 2006.

_____
**KURT D. ENGELHARDT**
**United States District Judge**